**Derice Ann STEWART, and John Maddox, individually and as Guardian Ad Litem for Mark Maddox, a minor, Plaintiffs,**

v.

**Genevieve MODERACKI, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted: July 21, 1988.
Decided: July 22, 1988.

Carl Schnee and Brenda F. Walker of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for plaintiff Stewart.

L. Vincent Ramunno of Ramunno & Ramunno, Wilmington, for plaintiffs John and Mark Maddox.

Raymond M. Radulski, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

Before the Court for decision is plaintiff's[1] motion to dismiss defendant's counterclaim with prejudice. Briefly stated, this case involves an automobile accident wherein the driver of each car claims the other's negligence as proximate cause of the accident. Likewise, the passengers in the Stewart car claim negligence on the part of defendant. The case proceeded to mandatory arbitration pursuant to Superior Court Civil Rule 16.

The arbitrator held that neither side had proved their case and, therefore, neither could recover. Plaintiff filed a demand for a trial *de novo* within twenty (20) days of the arbitrator's order. Rule 16(c)(8). Defendant filed no such demand.

Plaintiff argues that because defendant has not also demanded a hearing *de novo*, the decision of the arbitrator is final as to defendant's counterclaim. This argument ignores the clear wording of Rule 16. In particular, the Rule states:

> Upon a demand for a trial de novo, the *case shall be placed* upon the calendar of the Court and *treated for all purposes* as if it had not been referred to arbitration. (Emphasis added). Rule 16(c)(8)(B).

In using the word "case", the Court consciously did not intend for individual claims or causes of action to be separated for trial *de novo* purposes. In using the words "treated for all purposes", the Court clearly intended that one demand for trial *de novo* would render the arbitration hearing a nullity, and the entire case would proceed to trial as if arbitration never occurred.

The Court rules, therefore, that once any demand is made for a trial *de novo*, the entire case is to be tried in Superior Court without the necessity of each party filing a separate demand.

Plaintiff's motion is DENIED.

IT IS SO ORDERED.

---

1. Plaintiff Derice Ann Stewart, driver of the car    in which plaintiffs were passengers.